UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSETTA LEWIS,

                *Plaintiff,*

       v.

TRI-COUNTY HOME NURSING
SERVICES, INC. and LINDA J. CUNEGIN,

                *Defendants.*

**COMPLAINT**

**17-CV-2297**

**JURY TRIAL DEMANDED**

Plaintiff Rosetta Lewis, as and for her Complaint, alleges as follows:

Preliminary Statement

1. Plaintiff Rosetta Lewis ("Plaintiff" or "Ms. Lewis"), worked for defendants Tri-County Home Nursing Services, Inc. ("Tri-County") and Lina J. Cunegin ("Cunegin") between 2013 – 2016, providing homecare services in the homes of Defendants' clients. Despite working long hours providing important services to individuals in need of care, Ms. Lewis was not paid for much of her work. Throughout her employment, Ms. Lewis was paid with checks that she was not able to cash because Tri-County's account did not have sufficient funds to cover the checks. And for nine weeks at the end of her employment by Defendants, Ms. Lewis was never paid at all – despite her repeated efforts to have Defendants

pay her.   Defendants have simply failed to pay the Plaintiff and ignored her entreaties.

2. To remedy these and other legal violations, Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and New York Labor Law.   Plaintiff seeks her unpaid wages, liquidated damages, and damages for other violations of New York Labor Law.

## Jurisdiction and Venue

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.  § 1343.

4. The Court has jurisdiction over Plaintiff's pendant state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction).   Plaintiff's state law claims are parts of the same case or controversy as Plaintiff's federal claim.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391.   A substantial part of the acts and/or omissions giving rise to the claims alleged in this Complaint occurred within this district.

6. Defendants reside and/or do business in this district.

## Parties

7. Named Plaintiff Rosetta Lewis is a resident of the State of North Carolina who was employed by Defendants starting in 2013, and continuing through August 22, 2016.

8. Plaintiff is a non-exempt employee of Defendants within the meaning of the FLSA and New York Labor Law.

9. Tri-County is a New York corporation which has its places of business at 1065 Old Country Road, Suite 210, Westbury, NY 11590 and 3680 Route 112, Suite 100, Coram, NY 11727.

10. Tri-County is a home healthcare agency which provides nursing, personal care, homemaking, and companion services for individuals and couples in Queens, Nassau and Suffolk County, Long Island, New York.

11. Tri-County is engaged in commerce as defined by 29 U.S.C. § 203, and, upon information and belief, it has a gross volume business of not less than $500,000 per year.

12. Linda J. Cunegin is an individual with her principal place of business in Nassau, New York. Upon information and belief, Ms. Cunegin resides in Queens County, New York.

13. Cunegin is the president and owner of Tri-County, and is involved in the day-to-day operations of Tri-County.

14. At all times relevant to this action, Defendants were "employers" of Plaintiff within the meaning of the FLSA and New York Labor Law.

15. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA and New York Labor Law.

16. At all times relevant to this action, Defendants "employed" Plaintiff within the meaning of the FLSA and New York Labor Law.

17. Ms. Lewis consents in writing to becoming a party Plaintiff in this action. (See Exhibit 1, attached.)

Factual Allegations

18. Ms. Lewis was employed by Defendants as a home healthcare worker since 2013. As an employee of Tri-County, Ms. Lewis provided homecare services for clients of Defendants, at those clients' homes.

19. Ms. Lewis was a manual worker within the meaning of New York Labor Law 191(1).

20. For her work, Ms. Lewis was to be paid $10 per hour, plus an additional $1.50 per hour as a "NYS Wage Parity Supplement."

21. Initially, Defendants paid Plaintiff her salary weekly, as is legally-required.

22. However, soon after Ms. Lewis began working for Defendants, she started receiving her paycheck late, and was not paid weekly and within seven calendar days of her wages being earned, as is required by New York Labor Law 191(1)(a).

23. In addition, she was often paid with checks which she could not cash because Tri-County's account did not have sufficient funds to cover the checks.

24. Thereafter, beginning with her check for the week of May 16-20th, 2016, Ms. Lewis was not paid at all for her work.

25. Between May 16, 2016 and August 22, 2016, Mr. Lewis was paid only for a single week of work.

26. All told, Plaintiff went unpaid for nine weeks and one day of work.

27. In addition, Ms. Lewis was not paid for two weeks of vacation that she took, although she had been promised that she would be paid for her allotted and approved vacation time.

28. Plaintiff repeatedly asked her employer to pay her for the weeks that she worked. However, her multiple requests for the wages she was owed went unanswered, as did a letter from Plaintiff's counsel.

29. At the time she began working for Defendants, Ms. Lewis did not receive a written disclosure of her wage rate as required by New York Labor Law 195(1).

30. In addition, Ms. Lewis did not receive accurate wage statements as required by New York Labor Law 195(3). Specifically, Ms. Lewis's paystubs were inaccurate in that they indicated that Ms. Lewis was paid on dates on which she was not in fact paid because she received paychecks for which no funds were available.

31. Linda Cunegin had the power to establish, and did establish – directly or through her agent(s) – the terms of Plaintiff's employment.

32. Linda Cunegin, directly or indirectly, determined the salary to be paid to Plaintiff.

33. Linda Cunegin had the power to hire and fire employees, and she exercised that power, whether directly or through her agent(s).

34. Linda Cunegin had the power to control the day-to-day functions of Tri-County, and worked at the Tri-County offices on a regular basis.

35. Linda Cunegin, directly or indirectly, managed, supervised, and directed the business and operations of Tri-County.

36. Defendants (1) shared the services of the Plaintiff, (2) shared direct or indirect control over the Plaintiff, (3) acted in the interest of one another, and (4) constitute a joint employer of the Plaintiff as defined by federal and state law.

37. During the course of her employment, Plaintiff handled, sold, or otherwise worked on items that were produced for movement in interstate commerce.

38. Defendants undertook all of the actions and omissions alleged above either directly or through their agents who were authorized to undertake such actions and omissions.

39. The actions and omissions alleged above were willful.

Causes of Action

I. <u>Fair Labor Standards Act</u>

40. The Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully here.

41. Defendants willfully failed to pay the legally-required federal minimum wage to Plaintiff for every hour that she worked. Defendants' actions violate the Fair Labor Standards Act, 29 U.S.C. § 206(a) and its implementing regulations.

42. Defendants also violated the FLSA by failing to keep records as required by statute, 29 U.S.C. § 211(c).

43. The Plaintiff is entitled to her unpaid wages, plus an additional equal amount in liquidated damages, as a consequence of Defendants' unlawful actions and omissions, in accordance with 29 U.S.C. § 216(b).

44. The Plaintiff is also entitled to costs of Court, pursuant to 29 U.S.C. § 216(b).

45. The Plaintiff also seeks, and is entitled to, attorneys' fees incurred by her counsel, pursuant to 29 U.S.C. § 216(b).

II: New York Labor Law (Minimum Wage)

46. The Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully here.

47. Defendants failed to pay legally-required New York State minimum wage to Plaintiff for every hour that she worked, in violation of New York Labor Law § 652 and its implementing regulations, 12 N.Y.C.R.R. §142-2.1 *et seq.*

48. Defendants' failure to pay the required wages as set forth above was willful within the meaning of New York Labor Law §§ 198, 663, and 681.

49. Plaintiff is entitled to her unpaid wages mandated by New York Labor Law, plus an additional 100 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions, in accordance with New York Labor Law §§ 198, 663, and 681.

50. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by her counsel, costs of Court, and interest.

III. New York Labor Law (Failure to Pay Wages)

51. The Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully here.

52. Defendants failed to pay Plaintiff in accordance with the agreed terms of her employment, in violation of New York Labor Law § 191.

53. In addition, Defendants failed to pay Plaintiff, who was a manual worker, the full wages owed to her on a weekly basis, in violation of New York Labor Law § 191.

54. Plaintiff is therefore entitled to her unpaid wages mandated by New York Labor Law, plus an additional 100 percent as liquidated damages for the weeks in which

she was not timely paid, as a consequence of the Defendants' unlawful actions and omissions, in accordance with New York Labor Law §§ 198, 663, and 681.

55. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by her counsel, costs of Court, and interest.

IV. <u>New York Labor Law (Pay Statements and Disclosure of Pay Rate)</u>

56. The Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully here.

57. Defendants failed to provide Plaintiff, at the time of her hiring, notices containing her rates of pay and other information as required by New York Labor Law § 195(1).

58. Defendants also failed to provide the Plaintiff with accurate statements with every payment of wages which provided all of the information required under New York Labor Law § 195(3).

59. For Defendants' violation of New York Labor Law § 195(1), Plaintiff is entitled to $50 for each work day in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to New York Labor Law §198(1-b).

60. For Defendants' violation of New York Labor Law § 195(13), Plaintiff is entitled to $250 for each work day in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to New York Labor Law §198(1-d).

61. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by her counsel, costs of Court, and interest.

Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

WHEREFORE, Plaintiff requests that this Court enter an Order:

a. assuming jurisdiction over this action;

b. declaring that Defendants violated the FLSA and New York Labor Law;

c. permanently enjoining Defendants from further violations of the FLSA and New York Labor Law;

d. granting judgment to Plaintiff on her FLSA claims and awarding her unpaid wages and an equal amount in liquidated damages;

e. Granting judgment to Plaintiff on her New York Labor Law claims and awarding her her unpaid wages, applicable statutory damages, and liquidated damages as provided for by statute;

f. Awarding Plaintiff prejudgment and postjudgment interest as allowed by law;

g. Awarding the Plaintiff her costs and reasonable attorneys' fees; and

h. Granting such further relief as the Court finds just.

DATED:   New York, NY
         April 17, 2017

                              KAKALEC & SCHLANGER, LLP

                              /s/ Patricia *Kakalec*
                              Patricia Kakalec
                              85 Broad Street, 18th Floor
                              New York, NY 10004

T: (212) 500-6114 x103
F. (646) 612-7996
pkakalec@kakalec-schlanger.com

*Attorneys for Plaintiff*

# EXHIBIT 1

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by Tri-County Home Nursing Services, Inc. and Linda J. Cunegin, and/or related entities and/or individuals. I consent to be a party Plaintiff in an action against Tri-County Home Nursing Services, Inc. and Linda J. Cunegin and/or related entities and/or individuals to recover unpaid wages and liquidated damages, and for related relief, under the Fair Labor Standards Act.

Rosetta Lewis
_____
Full name

_____[signature]_____
Signature

_____4-11-17_____
Date